UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cr-40107-SLD-12 |
| | ) | |
| JOSHUA SCOTT REYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Defendant Joshua Scott Reynolds's pro se motion for compassionate release, ECF No. 472, and counseled Amended Motion for Compassionate Release, ECF No. 477, and the United States' Motion to Place Exhibit Under Seal, ECF No. 482. For the reasons that follow, the motions for compassionate release are DENIED, and the motion for leave to file under seal is GRANTED.[1]

BACKGROUND

On May 21, 2019, Defendant was sentenced to 180 months of imprisonment for conspiracy to distribute and possess with intent to distribute at least fifty grams of actual methamphetamine. Judgment 1–2, ECF No. 356. He is currently serving his sentence at United States Penitentiary ("USP") Leavenworth in Leavenworth, Kansas and is scheduled to be released on April 21, 2032. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for "Joshua" with "Scott" with "Reynolds") (last visited July 6, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed the

---

[1] Defendant improperly filed his reply, ECF No. 490, as a motion. The Court terminates it as pending because it is not a motion and Defendant was already granted leave to file a reply. *See* Apr. 14, 2021 Text Order.

Federal Public Defender to represent Defendant with respect to this motion. *See* Dec. 7, 2020 Text Order. An amended motion was filed by counsel on January 4, 2021. The United States opposes Defendant's request for compassionate release. *See* Resp., ECF No. 481; Suppl. Resp., ECF No. 484. Pursuant to Court direction, *see* Apr. 14, 2021 Text Order, Defendant filed a reply, Reply, ECF No. 490.

## DISCUSSION

### I. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks and citation omitted).

### II. Analysis

Defendant argues that he has established an extraordinary and compelling reason for release because he is at an increased risk for severe illness or death from COVID-19, *see* Am. Mot. Compassionate Release 9, notwithstanding that he has already contracted COVID-19, *id.* at 4–6 (arguing that he may still be at risk for reinfection). In response, the United States argued

first that release was unwarranted because Defendant had already contracted COVID-19.  Resp.

1.  It then filed a supplemental response, along with supporting evidence, stating that Defendant

had refused the COVID-19 vaccine and arguing that he "should not be allowed to profit by his

refusal to mitigate his risk."  Suppl. Resp. 1–2.[2]  The Court directed Defendant to file a reply

addressing this argument, Apr. 14, 2021 Text Order, and in his reply, Defendant indicates that he

has now received both doses of the Moderna COVID-19 vaccine, Reply ¶ 9.  He therefore

contends that "the arguments raised by the [United States] . . . are meritless."  *Id.*

     While the United States' arguments regarding Defendant's refusal to be

vaccinated are now moot, the Court finds that in light of his vaccination status, Defendant

cannot establish an extraordinary and compelling reason for release based on the COVID-

19 pandemic.[3]  The information available to the Court suggests that being fully

vaccinated significantly reduces an individual's risk of getting seriously ill from COVID-

19.  For example, the CDC states that "[s]tudies show that COVID-19 vaccines are

effective at keeping [individuals] from getting COVID-19" and that "[g]etting a COVID-

19 vaccine will also help keep [individuals] from getting seriously ill even if [they] do get

COVID-19."  *Key Things to Know About COVID-19 Vaccines*, CDC,

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html (last

---

[2] The United States agrees that Defendant exhausted his administrative remedies, Resp. 13, so the Court need not address the exhaustion requirement. *Cf. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

[3] Many courts have similarly concluded that being fully vaccinated undermines an inmate's claim of extraordinary and compelling reasons based on the COVID-19 pandemic, even when the inmate has underlying conditions which increase his risk for severe illness. *See, e.g.*, *United States v. Singh*, --- F. Supp. 3d ----, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021) ("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions [that increase his risk for serious illness from COVID-19], no longer presents an extraordinary and compelling reason to grant compassionate release.").

updated June 25, 2021); *COVID-19 Vaccines Work*, CDC,

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last

updated May 20, 2021) ("Vaccine effectiveness studies provide a growing body of

evidence that mRNA COVID-19 vaccines offer similar protection in real-world

conditions as they have in clinical trial settings, reducing the risk of COVID-19,

including severe illness, among people who are fully vaccinated by 90 percent or more.").

The CDC also states that "there is increasing evidence that COVID-19 vaccines also

provide protection against . . . asymptomatic infections[]." *COVID-19 Vaccines Work*,

*supra*.

Moreover, the BOP reports that there is only one confirmed case of COVID-19

amongst inmates and five amongst staff at USP Leavenworth. *See COVID-19*

*Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (scroll to "COVID-19 Cases" and

click on "Full breakdown and additional details") (last visited July 6, 2021). And it

reports that 1,075 inmates at USP Leavenworth have been fully vaccinated. *See id.*

(scroll to "COVID-19 Vaccine Implementation" and click on "Learn more about

vaccinations and view individual facility stats") (last visited July 6, 2021). There are

1,665 total inmates at USP Leavenworth. *USP Leavenworth*, BOP,

https://www.bop.gov/locations/institutions/lvn/ (last visited July 6, 2021). Therefore,

almost two-thirds of Leavenworth's inmates have been vaccinated.

In light of the low number of COVID-19 cases and the high number of vaccinated

inmates at his institution, as well as his own vaccination, Defendant is not at such a high

risk of severe illness from COVID-19 that his release from prison could be warranted

under the compassionate release statute.

**CONCLUSION**

Accordingly, Defendant Joshua Scott Reynolds's pro se motion for compassionate release, ECF No. 472, and counseled Amended Motion for Compassionate Release, ECF No. 477, are DENIED. The United States' Motion to Place Exhibit Under Seal, ECF No. 482, is GRANTED because Defendant's medical records should be sealed.

Entered this 6th day of July, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
